IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

SCOTT C. LEWIS,

     Plaintiff,

v.                  CIVIL ACTION NO. __1:20-cv-4__ **(Keeley)**

BUTLER & ASSOCIATES, P.A.,

     Defendant.

> ELECTRONICALLY
> FILED
> Jan 09 2020
> U.S. DISTRICT COURT
> Northern District of WV

## COMPLAINT

### Parties, Jurisdiction, and Venue

1. Plaintiff Scott C. Lewis is a citizen and resident of Bruceton Mills, Preston County, West Virginia, and a natural person who is obligated or allegedly obligated to pay a debt, and therefore is a "consumer" under 15 U.S.C. § 1692a(3).

2. Defendant Butler & Associates, P.A. is a professional association formed in Kansas with its principal place of business in Kansas.

3. Lewis brings this action to recover for Butler's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 e*t seq.*, in attempting to collect a consumer debt from him.

4. Jurisdiction is proper with this Court under 28 U.S.C. § 1331 and 15 U.S.C.

§ 1692k.

5.      Venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.


## Facts

6.      Butler is a law firm located in Topeka, Kansas, whose emphasis, according to its website, includes debt collection.

7.      Butler is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

8.      In March 2001, Lewis served in the United States Army and was stationed at Fort Riley Army Base in Fort Riley, Kansas.

9.      On or around March 14, 2001, he wrote a check to "Fashion Master Cleaners" in the amount of $4.66.

10.     Fashion Master Cleaners' bank appears not to have honored Lewis' check.

11.     On or around July 23, 2001, Fashion Master Cleaners, Inc. filed suit against Lewis in the District Court of Geary County, Kansas, and alleged that Lewis

2

owed $4.66, the face value of the check; $135 in service charges, damages, and bank charges; $200 in attorney's fees; and $26 in filing fees, for a total of $365.66. Fashion Master Cleaners also sought post-judgment at the maximum legal rate of 12 percent per year until paid.

12. Fashion Master Cleaners, Inc. was represented by Jay W. Vander Velde.

13. The complaint showed Lewis' address as "HHC 1-34th ARM Box 240 Fort Riley, KS 66442," which is the 1st Battalion, 34th Armor Regiment stationed at Fort Riley, and therefore reflected Fashion Master Cleaners and its counsel's knowledge that Lewis was in the Army.

14. The complaint did not acknowledge Lewis' status as a servicemember and did not reflect that Fashion Master Cleaners had confirmed (or even attempted to confirm) his status, as required by the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.* (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940), which would have prevented Fashion Master Cleaners from filing suit against him.

15. On or about September 14, 2001, Fashion Master Cleaners moved for a default judgment against Lewis due to his failure to have answered the complaint, which Fashion Master Cleaners represented to the court was served on Lewis on August 1, 2001.

16. Fashion Master Cleaners could not have served Lewis on August 1, 2001,

3

however, because that was the exact date Lewis began his deployment to Kuwait in support of Operation Intrinsic Action, which required him to leave the base very early on the morning of August 1, 2001. Lewis' deployment from August 1, 2001 through December 20, 2001 is reflected in the DD Form 214, Certificate of Release or Discharge from Active Duty, which is attached as Exhibit A.

17.   Fashion Master Cleaners did not serve Lewis with process on August 1, 2001 or at any other time.

18.   On September 21, 2001, the District Court of Geary County entered a Journal Entry prepared by Jay W. Vander Velde, in which it granted a default judgment to Fashion Master Cleaners in the amount of $289.66, which consisted of $4.66 in actual damages; $30 in services charges; $100 in statutory damages; $5 in bank charges, and $150 in attorney's fees, plus court costs in the amount of $26 and interest at the maximum legal rate from and after the date of judgment until paid. The Journal Entry is attached as Exhibit B.

19.   The Certificate of Mailing included in the Journal Entry represented that the Journal Entry was served on Lewis at his address of "HHC 1-34th ARM Box 240 Fort Riley, KS 66442" on September 21, 2001, but Lewis was not there to receive it, having been deployed to Kuwait nearly two months

earlier.

20.   The Fashion-Master Cleaners, Inc.—the correct legal name for the entity
      that sued Lewis—has not filed an annual report with the Kansas Secretary
      of State since April 9, 2001, which caused its status as a business entity to be
      forfeited on July 15, 2002.

21.   Despite The Fashion-Master Cleaners, Inc.'s forfeiture of its status as a
      business entity in 2002, Fashion Master Cleaners attempted repeatedly in
      2003 to have Lewis' bank account garnished, including by setting several
      hearings for aid in execution and for contempt.

22.   After his deployment to Kuwait in 2001, Lewis was deployed to Iraq in
      support of Operation Iraqi Freedom from September 7, 2003 through
      September 11, 2004, as reflected by Exhibit A.

23.   In 2007 and 2011, Fashion Master Cleaners, by and through its counsel, Jay
      W. Vander Velde, filed renewal affidavits in order to renew the judgment it
      had obtained against Lewis in 2001.

24.   On or around May 13, 2019, Jay W. Vander Velde withdrew as counsel for
      Fashion Master Cleaners and its current counsel, Todd B. Butler and Butler
      & Associates, P.A., entered their appearance.

25.   On October 18, 2019, Todd B. Butler filed a renewal affidavit in which he
      attested that to the best of his knowledge "the unpaid balance due and

owing on the judgment rendered herein is $593.88, which includes statutory post-judgment interest to the date hereof." The renewal affidavit is attached as Exhibit C.

26. On November 5, 2019, Defendant sent a letter to Lewis at his address in Bruceton Mills, Preston County, West Virginia, and advised him that "the current outstanding balance on your account is $594.66." Defendant also stated that the letter was a communication and that Defendant "[is] attempting to collect a debt from a debt collector and information received will be used for that purpose." Defendant's letter is attached as Exhibit D.

27. Defendant's letter to Lewis was the first notice Lewis has ever received regarding the debt Fashion Master Cleaners claims that he owes.

## Count I
## Violations of FDCPA

28. Lewis incorporates paragraphs 1 through 27 by reference hereto as if set forth verbatim hereinafter.

29. Lewis does not owe any debt or obligation to Fashion Master Cleaners because Fashion Master Cleaners' judgment against Lewis is void, having been procured through fraudulent representations regarding service of the complaint on Lewis.

30. Fashion Master Cleaners' repeated efforts to collect on its void judgment

were improper and illegal.

31.   Defendant's collection efforts, including the renewal affidavit signed by Todd B. Butler on October 18, 2019 and its November 5, 2019 letter to Lewis, are improper and illegal.

32.   Defendant violated 15 U.S.C. § 1692e by misrepresenting the character, amount, or legal status of an alleged debt, in that Defendant attempted to collect a debt from Lewis that Defendant knows or should know he does not owe because the underlying judgment is void, having been obtained through fraudulent representations that Lewis had been served with the complaint.

33.   Defendant also violated 15 U.S.C. § 1692e by failing to exercise meaningful attorney involvement in attempting to collect a debt from Lewis that Defendant knows or should know he does not owe because the underlying judgment is void, having been obtained through fraudulent representations that Lewis had been served with the complaint.

34.   Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt an alleged debt, in that Defendant attempted to collect a debt from Lewis that Defendant knows or should know he does not owe because the underlying judgment is void, having been obtained through fraudulent representations that Lewis had

been served with the complaint.

35.     As a direct and proximate result of every violation of the FDCPA committed by Defendant, Lewis is entitled to actual damages under 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. 1692k(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).


**WHEREFORE**, Plaintiff Scott C. Lewis prays that this Honorable Court enter judgment on his behalf against Defendant Butler & Associates, P.A. as follows:

(1)     An award of actual damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(1) against Defendant Butler & Associates, P.A., and for the benefit of Plaintiff Scott C. Lewis;

(2)     An award of statutory damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(2)(a) against Defendant Butler & Associates, P.A., and for the benefit of Plaintiff Scott C. Lewis;

(3)     An award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) against Defendant Butler & Associates, P.A., and for the benefit of Plaintiff Scott C. Lewis; and

(4)     Any other relief this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff Scott C. Lewis demands a trial by jury.


**SCOTT C. LEWIS**
**By Counsel**


/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV State Bar No. 2519)
Mehalic Law PLLC
364 Patteson Drive, No. 228
Morgantown, WV 26505-3202
(304) 346-3462
jeff@mehaliclaw.com
*Counsel for Plaintiff Scott C. Lewis*